## KOLETICH v ROZMAN

Ohio Appeals, 7th Dist, Mahoning Co

·Decided ·April 8, 1934

D. F. Rendinell, Youngstown, for plaintiff. Morris Mendelssohn, Youngstown, for defendant.

## OPINION

By LYNCH, J.

It is claimed that a trust exists here and has been sustained by proper proof under the rules in existence ever since the institution of the courts of this state. It is the contention of counsel for the plaintiff that a constructive trust, as known in law, exists and has been proven. Constructive trusts are recognized in our law and arise where confidential relations exist between persons and where some wrong has been done or fraudulent act committed which authorizes the chancellor to extend its strong arm and declare a trust to prevent a great injustice or fraud from being accomplished.

A case cited by counsel for plaintiff in support of his contention that we have in the instant case a constructive trust, is an old one in our state, being that of **Newton et v Taylor, 32 Oh St, 399.** We read the fourth paragraph of the syllabus in that case:

"If the husband is a participant in inducing the purchase for the wife's benefit, receives the money for that purpose to invest in her name, and then buys for himself, this is such a fraud as will create a trust against him and those claiming under him with notice."

We also read the second paragraph of the syllabus in that case:

"An implied or constructive trust may be established from the acts of a party who has obtained money upon the faith of his agreement to buy lands in the name of his wife, and, having bought them, takes the title to himself."

The law has a kind regard, as it properly should have, for the married pair, be it husband or wife. A careful reading of the facts in the case cited, in our judgment, will disclose they are not similar to those shown by the record in this case. In the judgment of this court, under the evidence

as introduced, if a trust has been proven or established, it would not be a constructive trust. The evidence here tends to prove if it proves anything, that if there is a trust it is an express one, express in its terms. If there was an agreement that these parties should jointly buy real estate, each furnish one-half of the purchase money, the legal title held in the name of the defendant, who was to own a one-half interest, the plaintiff to own the other half, there was an express trust.

The facts here are entirely dissimilar to those in the case of Newton v Taylor, to which we have just referred. In that case the husband trustee practiced a fraud upon his wife in the taking of title. It was absolutely agreed that the title was not to be taken in his name, but was to be taken in the name of the wife. What do we find in the instant case? As shown by the record, we find not only that the title was to be taken in the name of the defendant, but we have in addition the fact that it was the defendant himself who executed the deed which conveyed the title and placed it in the name of defendant, so our inquiry must be directed to a consideration of the evidence shown by the record, to determine whether an express trust has been shown.

It is elementary, of course, in the law of trusts, that to engraft the same on an absolute deed for real estate, it is necessary that the evidence be very clear, indeed, of the existence of the trust at the time of the conveyance, and of all its terms. True it is, as shown by the record, the plaintiff testified therein that while he was in the office of Mr. Friedman, in the presence of Mr. Burke, when there was some talk as to how the deed was to be made, he stated it was to be made half and half. Unfortunately for the plaintiff, neither Mr. Friedman nor Mr. Burke have any recollection whatever of that alleged statement, but the record does show that the defendant stated the deed was to be made in her name.

There is a reason, and always has been a reason, for requiring a high degree of proof to engraft a trust on a deed for real estate absolute on its face. It is to make titles certain. It is to prevent fraud and injustice.

We will read only briefly from two decided cases as to the degree of proof required. First the old case of **Miller v Stokely, 5 Oh St, 194.** We read the first two paragraphs of the syllabus:

"1. To establish an express trust in the case of a conveyance by deed absolute on its face, it is requisite that the evidence should be clear, certain and conclusive, in proof not only of the existence of the trust, and that, too, at the time of the conveyance, but also as to its terms and conditions.

2. It is not sufficient that circumstances should be in proof calculated to excite a suspicion, or even a probability, in the minds of some persons, that there might have been a trust; but the proof must show the existence of the trust affirmatively, and so conclusively as to remove all reasonable and well founded doubt."

In the case of **Russell v Bruer, 64 Oh St, 1,** we read only the second paragraph of the syllabus:

"2. A trust engrafted on an absolute deed may be shown by parol evidence; but the declaration of such trust must be contemporaneous with the deed, and the evidence beyond a reasonable doubt as to the existence of the trust, and must be clear, certain and conclusive as to its terms and conditions."

We can not find, we do not find the claim of the plaintiff, that it was agreed that he was to have an interest in this property, has been established by that clear and convincing proof required in a case of this character. For that reason the petition is dismissed at the costs of the plaintiff.

FARR and ROBERTS, JJ, concur in the judgment.